UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                              2:08-cr-100-FtM-29SPC

JAMES ALLEN BARNETT
_____

**OPINION AND ORDER**

On January 14, 2009, United States Magistrate Judge Sheri Polster Chappell submitted a Report and Recommendation (Doc. #51) to the Court recommending that Defendant's Motion to Suppress Evidence (Doc. #21) be denied. Defendant filed Objections to Report and Recommendation on January 29, 2009. For the reasons set forth below, the objections are overruled and the Motion to Suppress Evidence is denied.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which

specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

**II.**

Defendant asserts there was no legitimate basis for the traffic stop of the vehicle he was driving. The Report and Recommendation found that the vehicle was lawfully stopped for a window tint violation. (Doc. #51, pp. 12-14.) Florida Statutes §§316.2951-.2956 (2007) provide that it is a noncriminal traffic infraction to operate a motor vehicle on which material has been applied to the side or rear windows which has the effect of altering the windows' transparency beyond specified limits. An officer may lawfully stop a vehicle if the officer reasonably believes the vehicle's tinting is too dark. State v. Moore, 791 So. 2d 1246, 1249 (Fla. 1st DCA 2001); United States v. Garcia, 284 Fed. Appx. 791, 793 (11th Cir. 2008); United States v. Moody, 240 Fed. Appx. 858 (11th Cir.), cert. denied, 128 S. Ct. 548 (2007); United States v. Weaver, 145 Fed. Appx. 639 (11th Cir. 2005). Even if the officer's factual belief turns out to be incorrect, there is no violation of the Fourth Amendment if the factual belief was reasonable. United States v. Chanthasouxat, 342 F.3d 1271, 1276

(11th Cir. 2003); State v. Wimberly, 988 So. 2d 116 (Fla. 5th DCA 2008). The magistrate judge credited the testimony of the Officer Enderle as to the basis for the stop, and notwithstanding defendant's objections, the record fully supports both the credibility determination and the reasonableness of the officer's belief that there was a window tinting violation. Accordingly, the Court accepts and adopts the factual findings and legal conclusions related to the initial stop of the vehicle.

Defendant also argues that the detention following the traffic stop was unlawful because, absent the testimony by Officer Enderle that he smelled marijuana coming from the vehicle, defendant would have been allowed to leave before the search of the vehicle. Defendant does not dispute that the smell of marijuana would be an adequate justification to continue the detention (Doc. #54, p. 9), but argues that the officer falsely testified that he smelled marijuana. Defendant argues that because the officer found marijuana as a result of the search, he "work[ed] backwards" and said he smelled marijuana prior to the search. The Court concludes that the evidence fully supports the credibility determination by the magistrate judge, and that defendant's "working backwards" theory is not persuasive in light of all the evidence. Additionally, the Court rejects defendant's argument (Doc. #54, p. 10) that the officer's smell of marijuana coming from the vehicle would not be sufficient to support a search of the vehicle. It is well established that the smell of marijuana allows the warrantless

search of houses, vehicles, and packages. United States v. Tobin, 923 F.2d 1506, 1512 (11th Cir. 1991)(en banc)(odor of marijuana from house provided probable cause); United States v. Lueck 678 F.2d 895, 903 (11th Cir. 1982)(officer's smell of marijuana coming from package sufficient to create probable cause); United States v. Arrasmith, 557 F.2d 1093 (5th Cir. 1977)(smell of marijuana justified search of vehicle); United States v. Diaz, 541 F.2d 1165 (5th Cir. 1976)(same); United States v. Santibanez, 517 F.2d 922 (5th Cir. 1975)(same). While the alert by the drug dog was therefore not necessary in this case to support the search, the Court agrees with the Report and Recommendation that the dog was sufficiently reliable.

Finally, the Court overrules defendant's objections regarding the admissibility of his statements. Since defendant was not unlawfully stopped or detained, the statements are not inadmissible under Florida v. Royer, 460 U.S. 491 (1983). Additionally, the Court agrees with the Report and Recommendation that defendant's statements were not obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966).

After reviewing the Report and Recommendation and the transcript of the evidentiary hearing, the Court fully agrees with the findings of fact and conclusions of law made by the magistrate judge. Accordingly, the Court will adopt the Report and Recommendation and will deny the motion to suppress evidence.

Accordingly, it is now

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Doc. #51) is **accepted and adopted,** and it is specifically incorporated into this Opinion and Order.

2. Defendant's Motion to Suppress Evidence (Doc. #21) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of February, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
U.S. Magistrate Judge
Counsel of Record